AUBURN, appellant, v. SETTLE *et al.*

*Vendor and vendee — equitable lien.*

Plaintiff exchanged his farm for defendant's hotel under an agreement whereby $500 was to be paid by defendant in procuring a discharge of a mortgage which one H. held upon the hotel, and the substitution of a new mortgage to H. on the farm. After the exchange, defendant was unable to induce H. to make the substitution; *held*, that plaintiff had a vendee's lien upon the farm to the extent of the $500; and that a mortgagee or vendee from defendant, with knowledge of the facts, had no rights which would prevent plaintiff from having full equitable relief.

APPEAL from a judgment at special term dismissing the complaint. The action was brought by Isaac S. Auburn against Ezra J. Settle, Julia E. Settle, Elizur Little, John P. Heir and John H. Coats, to enforce a vendee's lien. The facts are these: Prior to March 16, 1872, the plaintiff was seized in fee simple of a farm, and the defendant Ezra J. Settle was owner of a hotel and real estate connected therewith. The hotel property was incumbered with four mortgages, two for purchase-money, amounting together to $6,000, another executed by said Settle to defendant Elizur Little, for $3,036, and the fourth, executed by said Settle to defendant John P. Heir, for $500. The plaintiff and defendant entered into negotiations for the exchange of their premises, whereby plaintiff was to be allowed $5,000 for his land, and Settle was to be allowed

Auburn v. Settle.

$12,000 for the hotel property. Defendant Settle was to discharge all incumbrances upon his property except the mortgages amounting to $6,000 for purchase-money, and deed his property to plaintiff, and plaintiff was to deed his land to Settle, pay Settle $1,000 in money, and assume the payments of the purchase-money mortgages for $6,000 on the hotel property. In order to effect this, Settle proposed to procure Little and Heir to take mortgages on the farm instead of the mortgages then existing in their favor on the hotel property, Little consented to the arrangement and was to procure the consent of Heir; and with this understanding the exchange of property and deeds was effected between plaintiff and Settle. Little's mortgage was substituted in the manner agreed upon; but Heir refused to give a satisfaction of his mortgage and accept in lieu thereof a mortgage upon the farm. And the Heir mortgage still remained an incumbrance on the hotel property at the commencement of this suit. The defendant Settle conveyed the farm to defendant Coats, who purchased with full notice of all the facts herein set forth. The defendant Settle afterward became insolvent. The complaint in the action demanded that plaintiff be adjudged to have an equitable lien upon the farm for $500, and that the lien be adjudged prior to the mortgage of Little and the conveyance to Coats. The judge on the authority of *Hare* v. *Van Duesen*, 32 Barb. 92, dismissed the complaint, whereupon plaintiff appealed.

*Ruger, Wallace & Jenney*, for appellant.

*Hunt & Weaver*, and *Garfield & Hoyt*, for respondents.

E. DARWIN SMITH, J. The learned judge who tried this cause without a jury erred, I think, in dismissing the complaint. It is an old and well-settled doctrine of the courts of equity, that when the vendor of land conveys the estate and delivers possession without receiving the purchase-money, he retains a lien upon the land for the unpaid purchase-money. 2 Sugden on Vendors (14th ed.), 671; 2 Story's Eq. Juris. (11th ed.), §§ 1217, 1218, 1219–1224; 4 Kent's Com. 152.

The lien of the vendor remains until payment of the consideration for the land, not only as between vendor and vendee, but as against voluntary creditors or purchasers under the vendee with notice of the vendor's rights of equity. 2 Story's Eq. Juris., §§ 1225, 1228; *Mackreth* v. *Symmons*, 15 Ves. 330; 4 Kent's Com. 152.

The plaintiff agreed with the defendant Settle in effect to sell, and did convey to him a farm for the sum of $5,000 in exchange for hotel property. He received payment for the same according to the terms of the contract, except the sum of $500, which was to be paid immediately by the transfer of a mortgage held on the said hotel property by one Heir to the said farm so sold and conveyed by plaintiff. The holder of this mortgage refused to cancel the same on the hotel property and take a mortgage for the same amount on the said farm. Plaintiff, therefore, has not received payment for the price of the farm to the amount of $500, and the said $500 Heir mortgage remains an incumbrance upon the hotel property taken by the plaintiff from the defendant Settle, who is stated in the case, and found by the judge, to be insolvent. This presents a clear case for equitable relief. All the cases hold that the lien remains until discharged by payment of the consideration or waiver of the same, and the burden of proof is on the purchaser to establish such waiver. 2 Story's Eq. Juris., § 1224. There is in this case no waiver — no new or other security was taken for this $500. The plaintiff executed his deed of said farm and took his conveyance of the hotel property upon the express assurance of the defendant and his friend Little, and understanding that this $500 would be transferred from the hotel property by Heir to the farm immediately.

The $500 was to be paid by Settle by procuring a discharge of the Heir mortgage from the hotel property, and the substitution of a new mortgage on the said farm, the same to be immediately executed by Settle and received by Heir.

If the plaintiff cannot retain and enforce this lien he is in effect defrauded of the $500, part of the price of his own land, the amount of the Heir mortgage remaining a lien on the property purchased by him. It is the province of the courts of equity to prevent such wrongs. Equity powers are conferred upon the courts and exist for just such cases.

The deeds executed by the parties and the mortgages and satisfaction piece might be set aside or rescinded on the ground of mistake or fraud, but the rights of the parties may also be secured without a disaffirmance of the contract of sale or exchange, by giving effect to the plaintiff's equitable lien for the unpaid purchase-money. Nothing has occurred, as I think, to cut off such lien. The whole arrangement between the parties was really provisional, and based upon the understanding that this $500 was to be forthwith

Auburn v. Settle.

paid plaintiff in the way stipulated. The plaintiff has not intentionally abandoned said contract, or taken any substituted security for the payment of the $500, with the view to rely upon it in lieu of the discharge of the Heir mortgage upon his property. In the case of *How* v. *Duell,* 32 Barb. 92, relied on at special term, no part of the purchase-money stipulated to be paid for the property remained unpaid to the plaintiff. There was no ground or basis for a vendor's lien. The plaintiff had bought the property of Van Deusen and paid for it, and taken a conveyance thereof with a covenant against incumbrances, the parties being mutually ignorant that a note for unpaid purchase-money might be enforced in equity as a lien upon the land. The court properly held that the plaintiff must rely upon his covenants. The facts of that case and this are essentially unlike, and the decision furnishes no rule for the determination of this case. In this case the plaintiff had no more waived his lien than he would if he had taken Settle's own bond or note or obligation to pay this $500. He took his word, his parol promise to procure a discharge of the Heir mortgage, and thus pay the $500. In such case the lien would be retained. Sugd. on Vend. 384. The waiver only takes place where the vendee takes a distinct obligation or independent security for the purchase-money — and this is not a conclusive waiver (2 Story's Eq. Juris., § 1226) — but the onus would in such case be upon the vendor, to prove very clearly that a waiver was not intended and the lien was to be retained. *Carrico* v. *Farm. & Mech. Nat. Bank,* 33 Md. 235.

We think the plaintiff's lien in this case was clearly not waived, but retained, and that the plaintiff was entitled to the relief demanded in the complaint.

The defendant Coats took title from Settle, as the judge finds, with full notice of all the facts of the case, and has no rights which prevent the plaintiff from having full relief. It will be the duty of the special term to give proper relief by a decree adapted to the facts and circumstances of the case, if they shall remain unchanged upon a new trial.

The judgment should be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*